**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FREDRICK GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2784 AGF |
| | ) | |
| DR. UNKNOWN PADDA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Fredrick Graham, an inmate currently incarcerated at United States Penitentiary at Thomson, Illinois[1], for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $9.48. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction. *See* Fed.Civ.P.12(h)(3).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

---

[1] At the time plaintiff filed this action, he was incarcerated at USP Lewisburg, Pennsylvania.

percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid.  *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $47.41.[2]  The Court will therefore assess an initial partial filing fee of $9.48, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded

---

[2]On October 21, 2019, the Court ordered plaintiff to file a motion to proceed in forma pauperis or pay the full $400 filing fee in this action. Plaintiff was told that, if he chose to file a motion to proceed in forma pauperis, then he was required to file an inmate account statement. On November 4, 2019, plaintiff filed a notice with the Court indicating that he was unable to pay the full $400 filing fee. However, plaintiff failed to file a motion to proceed in forma pauperis in this action in a timely manner. Plaintiff did, however, provide the Court with an inmate account statement. [Doc. #5] Thus, the Court will, in an abundance of caution, treat this document as a motion to proceed in forma pauperis and assess an initial partial filing fee from this document.

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint and Procedural Background

On October 10, 2019, plaintiff, an inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania at the onset of this action, filed the instant action seeking damages and injunctive relief from defendant Unknown Dr. Padda and the Center for Interventional Pain Management. Plaintiff asserts that Dr. Padda and the Center for Interventional Pain Management Clinic is located on Chippewa Street in St. Louis, Missouri.  Plaintiff does not indicate the jurisdictional basis under which he is filing this action.

In his original complaint, plaintiff asserts that Dr. Padda had treated his spinal injuries sometime in 2008-2009, and afterwards, plaintiff has continued to suffer pain and paralysis throughout his lower back and legs. Plaintiff states that he paid over $11,000 for the surgery and treatment to Dr. Padda and the Center for Interventional Pain Management, and for his continued suffering, he seeks from defendants a partial refund, a lifetime supply of dilaudid and vertebral

pain shots, a "soft shoe permit," or permission to wear his own tennis shoes during his incarceration. Plaintiff also seeks copies of his medical records. The complaint states that plaintiff was billed for the medical treatment from Dr. Padda between 2008-2009.

On November 4, 2019, plaintiff filed a notice with the Court indicating that he did not believe he should be subjected to the filing fee in this action because he was seeking an injunction from defendants rather than filing a traditional complaint. First and foremost, the Court does not allow an "injunction" to be filed without an accompanying complaint. Moreover, as set forth above, plaintiff's complaint in this action seeks damages. Thus, he has brought a civil complaint against defendants in this action. Although as noted, the Court is unsure of the jurisdictional basis for this action.

Plaintiff additionally indicated in his November 4, 2019 notice that he is seeking medical records from Dr. Padda. He is also seeking an explanation from the Bureau of Prisons as to why he was unable to obtain further medical procedures and prescription pain medication. However, the Bureau of Prisons is not a named defendant in this action.

On November 8, 2019, plaintiff filed a "supplement" to his complaint. In his supplemental filing plaintiff alleges that he is, in addition to the allegations in his complaint, seeking an "injunction" against Dr. Padda seeking medical records showing that he has a physical impairment to support an award for disability benefits.  Plaintiff alleges that Dr. Padda's documents could support his contention to the BOP that he has severe back injuries such that he is entitled to daily injections of dilaudid. In his supplement, plaintiff goes on to assert the modalities that worked for him by the outside provider Dr. Padda that are not being undertaken at the Bureau of Prisons.[3]

---

[3]Plaintiff is currently incarcerated at the United States Penitentiary in Thomson, IL. Any *Bivens* action related to his medical issues would need to be filed in the District Court for the District where he is currently being held. The proper District Court is the United States District Court for the Northern District of Illinois.

However, he does not indicate in the supplement why these modalities have not been undertaken, who he has sought the medication and medical interventions from at the BOP, and who has denied him these interventions at the BOP and why. His mere disagreement with the treatment decisions at the BOP and the difference in the outside provider's modalities for an injury that was treated at an earlier date does not mean that plaintiff is not properly being treated for his medical issues at the Bureau of Prisons. *Peitrafeso v. Lawrence County, S.D.,* 452 F.3d 978, 983 (8th Cir. 2006).

On November 18, 2019, plaintiff filed an additional supplement to his complaint. In this supplement plaintiff indicates that he began suffering from degenerative disc disorder between 2006-2007. He claims that at that time he underwent multiple treatments with defendants after he suffered a rear end collision in St. Louis, Missouri. Plaintiff alleges that Dr. Padda did an "unconstitutional" surgery on him that didn't work, and that he paid him $11,000 for the surgery from the settlement he received from his car accident. Plaintiff states that he was taking dilaudid after his treatments with Dr. Padda. After his treatments ended with Dr. Padda, plaintiff was then incarcerated.

Plaintiff claims that his back pain worsened at that time. Plaintiff states that he now suffers from severe back pain and depression, with difficulty maneuvering. And he claims that he should be able to obtain social security disability determination.[4] He seeks back pay of social security benefits, as well as a refund of the monies paid to Dr. Padda.

### Request for Temporary Restraining Order

On January 2, 2020, plaintiff filed a document titled, "Emergency Injunction/TRO." He states that he was injured at USP Thomson after purportedly being slammed "face first" into the ground. He claims he suffered injuries to his back, chin, face, wrist and hand. However, he states

---

[4] Incarcerated inmates are not entitled to social security disability payments during their incarceration. 42 U.S.C. § 402(x).

that, when he was examined by a medical provider, he was told he did not need stitches. Plaintiff

spends the majority of the motion seeking a "special diet."

Plaintiff states that he has "requested back brace, knee sleeves and soft shoes" to no avail.

Plaintiff states that he has also asked for nerve pain medication and pain medication, and he has

undertaken a hunger strike. Plaintiff does not indicate why he has undertaken a hunger strike.

Plaintiff filed a supplement to his motion for restraining order on January 30, 2020. In his

supplement plaintiff asserts that he needs a high calorie, high protein diet.  He states that the meals

in USP Thomson are too small and his health is purportedly declining. Plaintiff also seeks dilaudid,

as well as a back brace, knee brace, and placement in the hospital ward.

Plaintiff filed an action relative to these allegations in the United States District Court for

the Central District of Illinois on or about December 23, 2019. *See Graham v. Mercado, et al.,* No.

1:19-CV-1415 SEM-TSH (C.D. Ill. 2019). The matter was transferred to the United States District

Court for the Northern District of Illinois on January 6, 2020. *See Graham v. Mercado, et al.,*

No.1:20-CV-111 JJT (N.D. Ill. 2020). The Court denied plaintiff's request for injunctive relief as

moot given his transfer to MCFP Springfield, Missouri, on January 10, 2020.

However, plaintiff amended his pleading on January 27, 2020, June 19, 2020, and July 20,

2020. On July 30, 2020, the Court ordered plaintiff to amend his complaint a fourth time. In the

Memorandum and Order entered that date, the Court stated:

> In his proposed amended complaint, Plaintiff baldly claims that when he arrived at
> AUSP Thomson, Dr. Boyd and Physician's Assistant Ross "illegally" discontinued
> his Ensure nutrition drinks, which a prior facility had prescribed after he went on a
> hunger strike, "leaving [him] to die and forced to sleep on concrete floor" after he
> was sent to MCFP Springfield. Dkt. 30, pg. 6. Plaintiff lost a significant amount of
> weight. *Id.* He then offers a single sentence that spans almost two pages and refers
> to a myriad of unrelated incidents. *Id.*, pgs. 6-7. Among other things, he takes issue
> with his dental care, force used during a nasogastric intubation, an alleged excessive
> force incident that resulted in a "[broken] chin/jaw," another unrelated excessive
> force incident involving an "illegal (noose-like) Martin chain" where he was "left

to bleed for (23 hrs.),” yet another unrelated excessive force incident involving a “Judo throw,” a housing placement in a cell with “violent inmates,” delayed medical care for a wrist condition, an incident where correctional staff maced Plaintiff and then forced an “(active) violent inmate” into Plaintiff’s cell “and allowed [him] to be brutally assaulted . . . while [he] was in handcuffs,” multiple other incidents where different inmates allegedly assaulted Plaintiff while different guards watched, the lack of medical care for his jaw injury and a spinal cord condition, and the denial of a single cell housing assignment.

…

The Court has spent a significant amount of time over the past seven months studying Plaintiff’s numerous submissions in this case and all of his other cases[5] to determine his capabilities and has provided guidance no fewer than five times. Dkt. 6, 12, 14, 17, and 23. Yet, Plaintiff has consistently declined to narrow his claims to a single area or to stop deluging the Court with complaints about his view of his daily existence at Thomson. Although dismissal with prejudice would be justified on this basis, *see Watford,* 725 Fed. App’x at 413 (affirming dismissal with prejudice when inmate repeatedly refused to comply with orders to cure Rule 20 and other deficiencies), the Court will afford Plaintiff one further opportunity to narrow and focus the complaint on claims that are properly joined in a single law suit. If Plaintiff persists in including in his complaint every wrong he perceives, however, the next iteration of his complaint will be the last.

## Discussion

“In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments.” *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of

---

[5]Judge Tharp found plaintiff to be a frequent litigator. *See Graham v. Revel*, Case No. 20 C 290 (D. Colo.) (Babcock, J.) (dismissed for want of prosecution for failure to comply with Court orders); *Graham v. Connors,* Case No. 19 CV 1571 (M.D. Pa.) (Kane, J.) (originally filed in E.D. Pa.; proceeding with medical claims); *Graham v. Connors,* Case No. 19 CV 276 (S.D. Ind.) (Sweeney, J.) (dismissed for failure to comply with order addressing his fee status; appeal dismissed for the same reason); *Graham v. Kreuger,* Case No. 18 CV 276 (S. D. Ind.) (Hanlon, J.) (summary judgment to defendants based on failure to exhaust); *Graham v. Fed. Bureau of Prisons,* Case No. 17 CV 2086 (D. Colo.) (Tafoya, J.) (summary judgment to defendants based on failure to exhaust); *Graham v. St. Louis Metro. Police,* Case No. 4:15CV1324 (E.D. Mo.) (Fleissig, J.) (proceeding with excessive force incident to arrest claim with assistance of recruited counsel); *Graham v. Outlaw,* Case No. 05 CV 860 (E.D. Tex.) (Crone, J.) (dismissed for want of prosecution); *Graham v. Missouri Board of Probation & Parole,* Case No. 11 CV 4128 (W.D. Mo.) (Gaitan, J.) (dismissed pursuant to 28 U.S.C. § 1915(g)); *see also Graham v. United States,* Case No. 4:18CV1463 (E.D. Mo.) (White, J.) (unsuccessful pro se § 2255; appeal dismissed following denial of a request for a certificate of appealability); *Graham v. United States,* Case No. 4:06CV151 (E.D. Mo.) (Limbaugh, J.) (unsuccessful pro se § 2241); *Graham v. United States,* Case No. 4:05CV576 (E.D. Mo.) (Limbaugh, J.) (same); *Graham v. United States,* Case No. 4:05CV151 (E.D. Mo.) (Limbaugh, J.) (same).

subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010).  The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction.  The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

As noted above, plaintiff has failed to indicate a jurisdictional basis, such as a federal statute or a constitutional violation, for bringing the present lawsuit against Dr. Padda and the Center for Interventional Pain Management. There is no indication that this matter arises under under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.  Therefore, the Court may only hear this case if diversity jurisdiction exists between him and Dr. Padda and the Center for Interventional Pain Management.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000.  It does not appear that diversity jurisdiction exists here because the amount in controversy is the cost of the refund plaintiff was seeking from Dr. Padda as outlined in his original complaint, which he articulated to be $11,000. This amount does not exceed $75,000 as required.  As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.[6]

---

[6]To the extent plaintiff is attempting to bring a medical malpractice action against defendants, his claims would also suffer from several inadequacies. If plaintiff is, in fact, bringing a medical malpractice claim against defendants, he was required to file a health care affidavit within thirty (30) days of the date of filing the complaint against defendants attesting to the merits of an action such as the one at bar. Mo. Rev. Stat. § 538.225 (2000), *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 331 (Mo. 2011) (en banc). Additionally, it appears that this action, which arose when plaintiff knew he was suffering from back problems could be subject to the two-year statute of limitations for bring a malpractice action in Missouri. *See* Mo.Rev.Stat.§ 516.105.

Additionally, the Court will deny plaintiff's request for temporary restraining order. The events described in the motion for restraining order occurred in USP Thomson in Thomson, Illinois, which is located within the Northern District of Illinois. Furthermore, as noted *supra*, the Northern District of Illinois ruled on plaintiff's motion for temporary restraining order relative to this issue in *See Graham v. Mercado, et al.,* No.1:20-CV-111 JJT (N.D. Ill. 2020). If plaintiff has further motions relative to his medical needs in USP Thomson, he should file all motions relative to those issues in *Graham v. Mercado*.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $9.48 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's request for temporary restraining order [Doc. #8] is **DENIED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must show cause why this action should not be dismissed for lack of jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 6th day of August, 2020.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

10