UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDRICK GRAHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-2784 AGF |
| DR. UNKNOWN PADDA, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's response to the Order to Show Cause why this matter should not be dismissed for lack of subject matter jurisdiction. After reviewing the response, the Court will dismiss this action for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint and Procedural Background

On October 10, 2019, plaintiff, an inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania at the onset of this action, filed the instant action seeking damages and injunctive relief from defendant Unknown Dr. Padda and the Center for Interventional Pain Management (the "Center"). Plaintiff asserts that Dr. Padda and the Center are located on Chippewa Street in St. Louis, Missouri. Plaintiff failed to indicate the jurisdictional basis under which he was filing this action.

In his original complaint, plaintiff asserts that Dr. Padda had treated his spinal injuries sometime in 2008-2009, after which plaintiff continued to suffer pain and paralysis throughout his lower back and legs. Plaintiff states that he paid over $11,000 for the surgery and treatment. For his continued suffering, he seeks from defendants a partial refund, a lifetime supply of dilaudid and vertebral pain shots, and a "soft shoe permit" or permission to wear his own tennis shoes

during his incarceration. Plaintiff also seeks copies of his medical records. The complaint states that plaintiff was billed for the medical treatment from Dr. Padda between 2008-2009.

On November 4, 2019, plaintiff filed a notice with the Court indicating that he did not believe he should be subjected to the filing fee in this action because he was seeking an injunction from defendants rather than filing a traditional complaint. The Court noted in the Order to Show Cause issued on August 6, 2020, that an injunction may not be filed without an accompanying complaint. Moreover, because plaintiff's complaint in this action seeks damages, his complaint seeks civil relief against defendants. Nonetheless, plaintiff has failed to state a jurisdictional basis in his pleadings against defendants for bringing this action in federal court

On November 8, 2019, plaintiff filed a "supplement" to his complaint requesting an "injunction" against Dr. Padda seeking medical records showing that he has a physical impairment to support an award for disability benefits. Plaintiff alleged that Dr. Padda's documents would support his contention to the Bureau of Prisons (BOP) that he has severe back injuries such that he is entitled to daily injections of dilaudid.  Plaintiff further asserted that the BOP was failing to provide the treatment modalities that Dr. Padda provided.[1]  Plaintiff did not identify who he asked for the medication and treatment, who denied them, or why they were denied.[2]

On November 18, 2019, plaintiff filed an additional supplement asserting that he began suffering from degenerative disc disorder between 2006-2007 after he suffered a rear end collision in St. Louis and underwent multiple treatments with defendants. Plaintiff argued that Dr. Padda

---

[1] Plaintiff is currently incarcerated at the United States Penitentiary in Thomson, IL. Any *Bivens* action related to his medical issues would need to be filed in the District Court for the District where he is currently being held. The proper District Court is the United States District Court for the Northern District of Illinois.

[2] As noted in the Show Cause Order, plaintiff's mere disagreement with the treatment decisions at the BOP and the difference in the outside provider's modalities for an injury that was treated at an earlier date does not mean that plaintiff is not properly being treated for his medical issues at the BOP. *Peitrafeso v. Lawrence County, S.D.,* 452 F.3d 978, 983 (8th Cir. 2006).

did an "unconstitutional" surgery on him that didn't work, and that he paid him $11,000 for the surgery from the settlement he received from his car accident. Plaintiff states that he was taking dilaudid after his treatments with Dr. Padda. After his treatments ended with Dr. Padda, plaintiff was then incarcerated. He claimed that it was at this time that his back pain worsened, and he asserted that he should be able to obtain social security disability determination.[3]  He sought back pay of social security benefits, as well as a refund of the monies paid to Dr. Padda.

On August 6, 2020, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, as well as five supplements to his complaint. The Court also reviewed plaintiff's request for temporary restraining order/preliminary injunctive relief.[4]

In a Memorandum and Order issued that same date, the Court denied plaintiff's requests for temporary restraining order and injunctive relief because the events described in the motion for restraining order and his requests for injunctive relief occurred in USP Thomson in Thomson, Illinois which was located within the Northern District of Illinois. Furthermore, the Northern

---

[3] Incarcerated inmates are not entitled to social security disability payments during their incarceration. 42 U.S.C. § 402(x).

[4] On January 2, 2020, plaintiff filed a document titled, "Emergency Injunction/TRO." He stated that he was injured at USP Thomson after purportedly being slammed "face first" into the ground. He claimed he suffered injuries to his back, chin, face, wrist and hand. However, he stated that when he was examined by a medical provider, he was told he did not need stitches. Plaintiff spent the majority of the motion seeking a "special diet." Plaintiff additionally stated that he has "requested back brace, knee sleeves and soft shoes" to no avail." He asserted that he has also asked for nerve pain medication and pain medication, and he had undertaken a hunger strike. Plaintiff filed a supplement to his motion for restraining order on January 30, 2020. In his supplement plaintiff asserted that he needed a high calorie, high protein diet. He stated that the meals in USP Thomson were too small and his health was declining. Plaintiff also sought dilaudid, as well as a back brace, knee brace, and placement in the hospital ward.  Plaintiff filed an action relative to these allegations in the United States District Court for the Central District of Illinois on or about December 23, 2019. *See Graham v. Mercado, et al.,* No. 1:19-CV-1415 SEM-TSH (C.D. Ill. 2019). The matter was transferred to the United States District Court for the Northern District of Illinois on January 6, 2020. *See Graham v. Mercado, et al.,* No.1:20-CV-111 JJT (N.D. Ill. 2020). The Court denied plaintiff's request for injunctive relief as moot given his transfer to MCFP Springfield, Missouri on January 10, 2020.

District of Illinois had already ruled on plaintiff's motion for temporary restraining order relative to plaintiff's issues in *Graham v. Mercado, et al.*, No. 1:20-cv-111 JJT (N.D. Ill. 2020).

Further, the Court ordered plaintiff to show cause why his case should not be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), as plaintiff had failed to indicate a jurisdictional basis, such as a federal statute or a constitutional violation, for bringing the present lawsuit against Dr. Padda and the Center.

### Response to Order to Show Cause

Plaintiff responded to the Order to Show Cause on August 17, 2020. In his response, plaintiff asserts that Dr. Padda and the Center should be held liable for his prior "serious health needs" because being tasered at the time of his arrest in September of 2014 resulted in "further significant injuries" to the back of his skull and lower spine, which was not properly treated at the Federal Prison facility while he was awaiting trial. Plaintiff appears to assert that it is the fault of Dr. Padda that plaintiff has not been prescribed narcotics, soft shoe permits, knee sleeves/braces, etc., because plaintiff believes that Dr. Padda failed to turn over medical records, even though plaintiff last saw Dr. Padda between 2006-2007. Plaintiff believes these actions by Dr. Padda constitute "deliberate indifference."

### Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co.*,

*Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010).  The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction.  The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

As noted above, plaintiff has failed to indicate a jurisdictional basis, such as a federal statute or a constitutional violation, for bringing the present lawsuit against Dr. Padda and the Center. There is no indication that this matter arises under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.[5] Therefore, the Court may only hear this case if diversity jurisdiction exists between him and the defendants.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000.  It does not appear that diversity jurisdiction exists here because the amount in controversy is the cost of the refund plaintiff was seeking from Dr. Padda as outlined in his original complaint, which he articulated to be $11,000. This amount does not exceed $75,000 as required.  As a result, this action must be dismissed for lack of jurisdiction.[6]

---

[5] Plaintiff states he is bringing a "deliberate indifference" case against defendant Padda and the Center. However, Dr. Padda last treated plaintiff between 2006-2007. If plaintiff is attempting to bring an action against Dr. Padda pursuant to 42 U.S.C. § 1983, his claims would be subject to dismissal. First, Dr. Padda and the Center are not alleged to be state actors. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (only state actors can be held liable under § 1983). Additionally, even if Dr. Padda and the Center could be found to be state actors, the claims against them are barred by the five-year statute of limitations. *Sulik v. Taney County, Mo.,* 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).

[6] To the extent plaintiff is attempting to bring a medical malpractice action against defendants, his claims would suffer from several inadequacies. First, he would have had to file a health care affidavit within thirty (30) days of the date of filing the complaint attesting to the merits of the action. Mo. Rev. Stat. § 538.225 (2000), *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 331 (Mo. 2011) (en banc). Additionally, it would be subject to the two-year statute of limitations for malpractice actions in Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #14] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of January 2021.

                                              */s/ Audrey G. Fleissig*
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

---

*See* Mo.Rev.Stat.§ 516.105.