# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FREDRICK GRAHAM, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:19-CV-2784 AGF |
| DR. UNKNOWN PADDA, et al., | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court are several post-dismissal letters filed by plaintiff. After review of the letters, as well as the record before the Court, the Court will deny plaintiff's requests for relief, to the extent he is seeking reconsideration of the dismissal in this action. Plaintiff will be instructed that he may not file any additional letters or motions in this closed action.

## Case Background

Plaintiff, inmate Fredrick Graham, currently incarcerated at Thomson United States Penitentiary in Thomson, Illinois, filed the instant action on October 10, 2019. In his complaint for damages, he sued defendant Unknown Dr. Padda and the center for Interventional Pain Management. Because plaintiff failed to articulate the jurisdictional basis for bringing the present lawsuit, on August 6, 2020, the Court required plaintiff to show cause why this matter should not be dismissed for lack of jurisdiction. Plaintiff responded to the Order to Show Cause on August 17, 2020.

On January 22, 2021, the Court found that it lacked subject matter jurisdiction over this action and dismissed this case pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff appealed the dismissal of the complaint to the Eighth Circuit Court of Appeals. The judgment of

the District Court was summarily affirmed by the Eighth Circuit on May 18, 2021. *Graham v. Padda,* No. 21-1363 (8th Cir. 2021).

## Plaintiff's Filings

On June 1, 2021, the Court received a letter from plaintiff stating that he had filed a petition for writ of certiorari with the United States Supreme Court. In his letter, plaintiff also stated that he believed the U.S. Marshals had placed a "server" on him at USP Thomson and intended for him to commit suicide there. He stated that the U.S. Marshals had staged his death at Thomson, and his mail, books and photos had been restricted. He also feared that he would be poisoned. Plaintiff requested that his letter be processed to show "contempt of court" and "conflict of interest."

On June 7, 2021, the Court received a letter from plaintiff stating that he was "processing claims against these (AUSP) Thomson, Illinois prison officials who have been promoting homosexuality through male officials." Doc. 25. Plaintiff went on to articulate how he was asserting claims against USP Thomson officials for Eighth Amendment violations in an eighteen-page document. The court notes that there is no evidence that plaintiff filed this document in the United States District Court for the Northern District of Illinois, the district where USP Thomson sits. However, as noted below, plaintiff does have an ongoing civil rights action in the Northern District of Illinois.

On August 5, 2021, the Court received a letter from plaintiff stating that he "had possible brain damage or death in days from a concussion." He claimed he had been attacked at USP Thomson during prayers. Plaintiff appears to allege that guards at USP Thomson are liable for failing to protect him from a violent inmate.

Most recently, on August 23, 2021, the Court received a letter from plaintiff stating that he was injured from "unnecessary use of force" and "failure to protect" at USP Thompson. Doc. 28.

2

In a nine-page document, plaintiff sets forth grounds necessary to grant him a protective order for a medical transfer to a correctional medical facility.

## Discussion

As plaintiff is aware, the instant action is closed. The Court does not accept filings in closed matters, and the Court will instruct the Clerk to return any subsequent filings received by plaintiff in this closed action.

To the extent any of plaintiff's filings seek reconsideration of the dismissal of this action, the Court will decline to alter or amend the judgment entered on January 22, 2021. The Court concludes that plaintiff's filings fail to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, his filings merely revisit old arguments. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and any motions for reconsideration of the dismissal of this action will be denied.

To the extent plaintiff is attempting to file a new complaint in this action, his attempts are also denied. As noted above, the Court does not accept filings in closed cases. Additionally, to the extent plaintiff is attempting to bring an action relative to claims relating to USP Thompson, this Court lacks venue over such claims. 28 U.S.C. § 1404(a). He should pursue such claims in the Northern District of Illinois.

A review of Pacer indicates that plaintiff has one open case in the United States District Court for the Northern District of Illinois: *Graham v. Special Management Review Comm.,* No. 3:21-cv-50289 (N.D.Ill.2021).  The matter was initially filed in this District on June 23, 2021; however, it was transferred to the Northern District of Illinois for venue purposes, 28 U.S.C. § 1404(a), on July 1, 2021.

In *Graham v. Special Management Review Comm.,* No. 3:21-cv-50289 (N.D.Ill.2021), plaintiff claims that the defendants, the Special Management Review Committee, D. Altizer, Unknown Leonowicz, Unknown Dugdale and Unknown Ramos worked together to designate him as a snitch, placing his life in danger at USP Thomson. He seeks a transfer to a different facility, as well as restoration of his prior non-restrictive inmate status.[1]

To the extent that plaintiff's claims against defendants the Special Management Review Committee, D. Altizer, Unknown Leonowicz, Unknown Dugdale and Unknown Ramos relate to the claims within *Graham v. Special Management Review Comm.,* No. 3:21-cv-50289 (N.D.Ill.2021), he may bring them within that lawsuit so long as he is in compliance with the Northern District of Illinois' Memorandum and Order issued on August 6, 2021. To the extent plaintiff finds it necessary to bring additional lawsuits relating to his allegations from USP Thomson, he must file them within the Northern District of Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that to the extent plaintiff is seeking reconsideration of the dismissal of this action, his requests for reconsideration of the dismissal of this action is **DENIED**.

**IT IS FURTHER ORDERED** the Clerk shall not accept any additional filings from plaintiff in this **CLOSED ACTION**. Any filings from plaintiff shall be returned to him.

**IT IS FURTHER ORDERED** that to the extent plaintiff is attempting to file any additional lawsuits relating to claims or allegations that occurred at USP Thomson, he shall file such lawsuits in the United States District Court for the Northern District of Illinois.

---

[1] The Northern District of Illinois instructed plaintiff by Order on August 6, 2021, on how to proceed in his action.

5

**IT IS FURTHER ORDERED** that an appeal of this Order shall not be taken in good faith.

Dated this 25th day of August 2021.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　AUDREY G. FLEISSIG
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE